Filed 4/23/21  Ortega v. Higgs Fletcher and Mack CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SHAKINA ORTEGA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> HIGGS FLETCHER AND MACK LLP et al., <br><br> Defendants and Respondents. | D076984 <br><br><br> (Super. Ct. No. 37-2018-00013597-CU-PN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Shakina Ortega, in pro. per., for Plaintiff and Appellant.

Pettit Kohn Ingrassia Lutz & Dolin, Douglas A. Pettit, Jocelyn D. Hannah and Sabrina D. Johnson for Defendants and Respondents.


Plaintiff Shakina Ortega (Plaintiff) appeals from a judgment in favor of her former attorneys, defendants Higgs Fletcher and Mack LLP (HFM), Paul J. Pfingst, and Christina Denning (together, Defendants), following the grant of Defendants' motion for summary judgment.  On appeal, Plaintiff raises a number of issues and arguments based on her contention that the

trial court erred by deciding the summary judgment motion at a time in the litigation when Pfingst owed discovery responses and a discovery dispute was pending. As we explain, Plaintiff did not meet her burden of establishing reversible error. Accordingly, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

" 'Because this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion.' " (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716-717.) We consider all the evidence in the moving and opposing papers, except those portions of Plaintiff's declaration testimony to which objections were made and sustained,[2] liberally construing and reasonably deducing inferences from Plaintiff's evidence and resolving any doubts in the evidence in Plaintiff's favor. (*Id.* at p. 717; Code Civ. Proc., § 437c, subd. (c); further unidentified statutory references are to the Code of Civil Procedure.)

---

[1] Plaintiff filed, and Defendants opposed, a motion to augment the record on appeal to include the register of actions from the superior court. (Cal. Rules of Court, rule 8.155(b)(1); further unidentified rule references are to the California Rules of Court.) Plaintiff properly identified the register of actions when she designated her record on appeal; but the clerk of the superior court failed to include it in the clerk's transcript, and Plaintiff failed to notify the clerk of the omission under rule 8.122(b)(1)(F). Thus, we will deem her motion to be for the correction, not augmentation, of the record on appeal and grant it. (Rule 8.155(c)(1).) Accordingly, pages 5-12 of Plaintiff's October 16, 2020 motion to augment the record on appeal (attached to the motion as pages "ATT '3' page 1" through "ATT '3' page 8"), which appear to be a copy of the superior court's register of actions in this case as of February 6, 2020, are hereby part of the record in this appeal.

[2] Plaintiff does not challenge these evidentiary rulings on appeal.

A.      *The Underlying Federal Court Action:*  Ortega v. San Diego Police Dept.

In June 2012, Plaintiff's husband suffered fatal injuries from gun shots fired by a San Diego police officer.  Within a few days, Plaintiff retained HFM to represent her and her children in asserting various claims against the City of San Diego, the San Diego Police Department, and the officer who fired the lethal gun shots (together, the City).

In January 2013, on behalf of Plaintiff and her children, HFM filed a federal lawsuit against the City, alleging causes of action for:  federal civil rights violations (42 U.S.C. § 1983); discrimination (citing Civ. Code, former § 51.7); state civil rights violations (citing Civ. Code, former § 52.1, subds. (b), (h)); assault and battery (Gov. Code, § 815.2, subd. (a)); wrongful death (citing former § 377.60, subd. (a)); and negligence (Gov. Code, § 815.2, subd. (a)) (Federal Court Action).  Following summary judgment proceedings and a jury trial in the Federal Court Action, the district court entered judgment in favor of the City and against Plaintiff and her children in March 2017.

B.      *The Present Action:*  Ortega v. HFM

Representing herself, Plaintiff filed the present action against Defendants in March 2018 and a first amended complaint in August 2018. Based on a motion for summary judgment or, in the alternative, summary adjudication filed by Defendants in May 2019, by that time the only remaining causes of action were for legal malpractice and breach of fiduciary duty.[3]  (All subsequent dates are in 2019, unless noted otherwise.)

In the motion, Defendants argued that they were entitled to summary adjudication of each of the two claims on various grounds.  With regard to

---

[3]      Plaintiff raises no issues on appeal as to the disposition of any of the other claims.

3

both legal malpractice and breach of fiduciary duty, Defendants argued that Plaintiff could not establish the following elements of each of the causes of action: breach of duty, causation, and damages. In support of their motion, Defendants submitted a memorandum of points and authorities; declarations from Pfingst, Denning, and one of their trial court defense attorneys; a request for judicial notice; nine exhibits; and a separate statement of undisputed material facts.

Approximately a month later, in late June, Plaintiff initiated written discovery by propounding to Pfingst and to Denning one set of interrogatories and one set of requests for admission each. On July 22, with less than a month before the hearing on Defendants' summary judgment motion (which was less than two weeks before Plaintiff's opposition was due (§ 437c, subd. (b)(2)), Plaintiff served a second wave of written discovery. It included a second set of requests for admission to both Pfingst and Denning, and a first set of requests for admission (genuineness of documents) to Pfingst. As we explain, *post*, with regard to the *second* set of requests for admission *to Pfingst* (RFA #2), the parties dispute whether Plaintiff ever served them and whether Pfingst ever received them.

At an ex parte hearing on August 1—with the hearing on Defendants' motion for summary judgment noticed for August 16, and her opposition due no later than August 2—Plaintiff applied for an order to continue the hearing on Defendants' motion "in order to conduct additional discovery in order for Plaintiff to have a sufficient opportunity to oppose the Defendants' Motion For Summary Judgment." In support of the application, Plaintiff testified: The responses to her first sets of requests for admission were due that day, on August 1; the responses to her second set of requests for admission (including the RFA #2) were due weeks later, on August 26; the motion and

4

discovery cutoff date was September 13; and "[i]n order to present all the facts and evidence in my opposition[ to the motion,] it is imparitive [*sic*] that I receive the responses to my discovery." The court granted Plaintiff's application and continued the hearing on Defendants' motion to September 13, the existing motion cutoff date, with "no further continuances."[4]

Plaintiff filed her opposition to Defendants' summary judgment motion on August 16, two weeks before the statutory deadline. (See fn. 4, *ante*.) Plaintiff argued that there were triable issues of material fact as to: "whether Defendants owed Plaintiff a duty of care to represent her in the Wrongful death cause of . . . action of Plaintiff's husband" (in the Federal Court Action); "Whether Defendants breached their duty of care by failing adequately represent Plaintiff in accordance with relevant legal standards of care within the practice of law"; "Whether Defendants' acts or omissions proximately caused the injuries and damages to Plaintiff"; and "whether Defendants failed to provide skillful and competent representation during the trial in the [Federal Court Action]." (*Sic*.) In support of her opposition, Plaintiff submitted a memorandum of points and authorities; her declaration; 41 exhibits; and a response to Defendants' separate statement of undisputed material facts. Significantly, nowhere in the more than 60 pages of materials did Plaintiff mention either discovery responses or the need for discovery responses from Pfingst or from Denning.

---

4     With a new hearing date of September 13, Plaintiff's opposition to Defendants' motion would have been due no later than August 30. (§ 437c, subd. (b)(2).) According to Plaintiff's ex parte application, this was four days *after* the responses to the RFA #2 were due.

5

Defendants replied to Plaintiff's opposition by submitting a memorandum of points and authorities; a reply to Plaintiff's response to Defendants' separate statement of undisputed material facts; and objections to some of Plaintiff's evidence.

Days later, on September 9, Plaintiff filed an ex parte application for an order shortening time to hear a motion to deem the RFA #2 admitted and for discovery-related sanctions. Plaintiff supported her application with a memorandum of points and authorities and declaration with exhibits. Plaintiff included the proposed discovery motion and testified: Plaintiff served the RFA #2 on July 22, Pfingst's responses were due on August 26, and as of the September 9 application, Pfingst had not responded to the RFA #2; September 13, *four days later*, was the hearing on Defendants' summary judgment motion (and the cutoff for discovery and motions); without an order shortening time, the first available date for a hearing on her discovery motion was January 17, 2020; and "If the Court does not grant the application to shorten the time to notice and hear my motion before both the trial and the summary judgment hearing, I will suffer irreparable injury." Notably, Plaintiff did not describe how she might suffer irreparable injury without the RFA #2 being deemed admitted.

Later that same day, Defendants filed written opposition to Plaintiff's ex parte application for an order shortening time. They presented two arguments: (1) the ex parte application should be denied, because Plaintiff did not make a sufficient showing of good cause to shorten time; and, if the court is inclined to hear Plaintiff's discovery motion, (2) the court should deny the motion, because "Defendants never received the alleged [RFA #2] Plaintiff seeks to deem admitted."

The September 10 hearing on Plaintiff's ex parte application was reported. At the onset, the court explained that it was aware of the September 13 summary judgment hearing three days later. Expressly stating that it did not know the scope of the RFA #2, the court first sorted out the cause of the immediate problem: Plaintiff presented signed proofs of service for the RFA #2, and defense counsel argued that her firm never received the RFA #2, emphasizing that Defendants had responded to all other discovery requests, including those that Plaintiff served along with the RFA #2 on July 22. The court essentially believed both sides: Plaintiff mailed the RFA #2, but Defendants did not receive them.[5] The court explained to Plaintiff: "It would be surprising if a firm like [defense counsel's firm] wouldn't respond to th[e] kind of questions" like those in the RFA #2; and, while the court was not prejudging Plaintiff's substantive motion, "if there was some logistical problem [in] actually ever receiving [the RFA #2]," then the court likely "would be very reluctant to grant [the] motion." The court then made the following proposal, which was acceptable to the parties: Pfingst would be given 10 days in which to respond to the RFA #2, and if either Pfingst could not provide the responses in 10 days or if the responses were inadequate, either side could return to court on an ex parte basis— either Pfingst could request more time, or Plaintiff could request that her

---

[5] "The Court [to Plaintiff]: You're confident you sent them?
    "[Plaintiff]: I'm sure.
    "The Court [to defense counsel]: You're confident that you never received them? [¶] . . . [¶]
    "[Plaintiff]: Yes, your Honor. [¶] . . . [¶]
    "The Court [to Plaintiff]: . . . I have no reason to disbelieve Counsel that she didn't get them. I have no reason to believe that you didn't send them."

discovery motion be put on calendar.[6] The court's written order required Pfingst "to provide [P]laintiff the responses to the [RFA #2] within 10 days. [¶] If necessary, an ex parte hearing should be scheduled to obtain a motion date."

Two days later, the court issued a tentative ruling in the summary judgment proceedings. Without mention of the RFA #2 ex parte proceedings, the tentative provided rulings on Defendants' evidentiary objections and granted Defendants' motion for summary judgment.

The following day, September 13, the court entertained oral argument on Defendants' summary judgment motion. The court first described how it handled the pleadings that were submitted in support of and in opposition to the motion and, in the context of the tentative ruling, explained to Plaintiff that she "didn't provide . . . necessary evidence" to overcome Defendants' initial showing. Plaintiff responded with three arguments.

First, Plaintiff argued: "[J]ust three days ago . . . you ordered [Pfingst] to answer [the RFA #2]. So I don't understand why my case is being thrown out when there's still pending [d]iscovery. I thought I was entitled to those answers." The court explained that the discovery dispute and the summary

---

6 "The Court [to Plaintiff]: . . . *So that's what I'm going to do, okay*?
"[Plaintiff]: *Okay.*
"The Court [to Plaintiff]: So you can come back in, and if the answers are inadequate or whatever, I'll put your motion on calendar beyond the motion [cutoff date]. You didn't lose anything . . . today, okay?
"[Plaintiff]: Okay. I just have to wait 10 days?
"The Court: I take it, when you did those [RFA #2], you wanted responses to them.
"[Plaintiff]: Yeah.
"The Court: *That's what you're going to get*.
"[Plaintiff]: *Okay*. [¶] . . . [¶]
"[Defense Counsel]: Thank you, your Honor." (Italics added.)

8

judgment were different procedures and that, if she believed the lack of discovery responses prejudiced her ability to oppose the summary judgment motion, then she was required to set forth such an argument in her opposition to Defendants' summary judgment motion.[7]

Next, Plaintiff argued that she thought her fee waiver entitled her to a court-appointed expert attorney—and that she had requested one—but that she "didn't really get an answer" to her request.[8] The court explained both that there is a great expense involved in hiring experts and that, in addition to a lack of public funds, when private parties are involved in a civil dispute with private issues, the court generally does not help one side with expenses related to trial strategy.

The final argument Plaintiff presented was: Although Defendants claim that the City extended a settlement offer to her prior to the trial in the Federal Court Action, she denied that Defendants ever communicated any such offer to her.[9]

---

[7] Significantly, at no time during the September 13 hearing did Plaintiff attempt to explain to the court how, if at all, either the RFA #2 related to the issues in Defendants' summary judgment motion or Pfingst's responses might relate to her opposition to the motion.

[8] Although not cited by Plaintiff in her appellate briefing, the record on appeal contains a July 30 request by Plaintiff for a waiver of fees for (1) jury-related expenses, (2) subpoenaing a peace officer to testify in court, and (3) "court-appointed experts." By order filed August 2 and served August 7, the court granted Plaintiff's request for the waiver of only those fees associated with the jury and the peace officer's court testimony.

Plaintiff raises no issue on appeal as to the lack of a court-appointed expert.

[9] Plaintiff raises no issue on appeal related to whether the City made a settlement offer in the Federal Court Action.

The court then adopted its tentative ruling and granted Defendants' motion for summary judgment, explaining that Defendants had met their initial burden of presenting evidence that negated elements of each of the two remaining causes of action, but that Plaintiff did not meet her responsive burden of presenting evidence that raised a triable issue of material fact.

The court's written order granting Defendants' motion, filed September 13, went into more detail. After ruling on Defendants' evidentiary objections to Plaintiff's evidence, the court concluded that Defendants met their initial burden of establishing that there was no triable issue of material fact due to a lack of evidence of: breach of the standard of care, causation, and damages. With regard to the standard of care, the court relied on Defendants' expert testimony that, in trying the Federal Court Action, Defendants met the standard of care of a plaintiff's civil trial attorney in such a litigation and on Plaintiff's failure to have provided any expert testimony to the contrary. With regard to causation and damages, the court ruled that Plaintiff did not establish that " 'but for' some error on [the] part of the Defendant[s], the Plaintiff would have received a more favorable result." (Citing *Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241; *Thompson v. Halvonik* (1995) 36 Cal.App.4th 657, 661-662 [causation and damages must be proven to a legal certainty].)

Based on the written order granting summary judgment, the court entered judgment in favor of Defendants and against Plaintiff in September 2019. Plaintiff timely appealed.

## II. DISCUSSION

Plaintiff represented herself throughout the proceedings in the trial court and now on appeal. In both courts, the procedural rules apply the same to a self-represented party as to a party represented by counsel. (*Rappleyea*

10

*v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].) "The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' " (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344-345; accord, *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 ["The same rules apply to a party appearing in propria persona as to any other party."].) The fact that a party is representing herself is not a basis for special treatment that would be unfair to the other litigants. (*Rappleyea,* at pp. 984-985; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 416; see Advisory Com. com., Cal. Code Jud. Ethics, canon 3B(8).) Thus, to the extent Plaintiff's self-represented status contributed to certain procedural and substantive deficiencies in either court, it does not excuse them or otherwise entitle her to relief on appeal on the basis that she is representing herself. We acknowledge Plaintiff's statement that she "has never asked for any special privileges because she was a pro per litigant" and appreciate that she asks only "to be given the same rights to due process of the law, the same as any other litigant."

The trial court's judgment is presumed correct, and Plaintiff (as the appellant) has the burden to demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Trial court error alone, however, does not entitle an appellant to relief on appeal. For an error to require a reversal, the appellant must also establish prejudice (§ 475[10]) that resulted in a

---

10    Section 475 provides in full: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall

11

"miscarriage of justice" (Cal. Const., art. VI, § 13[11]) as a result of the error. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069 (*Pool*).) A "miscarriage of justice" may be found on appeal " ' "only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*Ibid.*; accord, § 475.) In this context, "reasonably probable" means "more than an abstract possibility." (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715, italics omitted [professional negligence action].) Prejudice is not presumed (§ 475), and the appellant bears the burden of establishing it by explaining specifically how the error caused a miscarriage of justice—i.e., how it is reasonably probable that, but for the error, the appellant would have received a more favorable result (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566).

---

be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown."

[11]     Article VI, section 13 of the California Constitution provides in part: "No judgment shall be set aside . . . in any cause, on the ground of . . . the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

On appeal, Plaintiff contends the trial court erred: (1) in ruling on Defendants' summary judgment motion at a time when, according to Plaintiff, Pfingst owed outstanding discovery responses to the RFA #2; (2) in failing to deem admitted the requests for admission to Pfingst contained in the RFA #2; and (3) in granting summary judgment, despite the existence of triable issues of material fact. As we explain, Plaintiff did not meet her burden of establishing reversible error, because: (1) Plaintiff did not oppose Defendants' summary judgment motion on the basis of any outstanding discovery, thereby forfeiting appellate review of the issue; (2) Plaintiff never filed a motion to deem admitted the requests in RFA #2; and (3) Plaintiff did not present any substantive argument or any application of the law to the evidence in her opposition to the summary judgment motion, thereby forfeiting appellate review of the order granting Defendants' motion for summary judgment.

A.   *The Trial Court Ruled on Defendants' Summary Judgment Motion at a Time When Pfingst's Discovery Responses Were Outstanding*

Plaintiff argues that the trial court erred in ruling on Defendants' summary judgment motion at a time when she was waiting for and entitled to outstanding discovery responses from Pfingst. She emphasizes her compliance with the rules and procedures required for serving the discovery requests by mail, as well as Pfingst's failure to comply with similar rules and procedures for providing timely discovery responses.

However, Plaintiff fails to also recognize that there are rules and procedures applied in summary judgment proceedings that every party must follow; and the focus of this appeal is on whether the trial court erred *in ruling on the summary judgment motion* when it did, not on the merits of the discovery dispute. In applying these rules and procedures, we conclude that, by failing to include in her opposition to Defendants' summary judgment

13

motion an explanation of the need for the outstanding discovery responses (and, accordingly, a request that the court deny the motion or continue the hearing), Plaintiff forfeited appellate review of her argument.  That is because unless the party opposing the summary judgment motion makes a sufficient showing and request under section 437c, subdivision (h),[12] the existence of outstanding discovery—even a pending motion to compel discovery (*Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1056 (*Roman*))—is not a basis on which to deny (or continue) a summary judgment motion.  Indeed, unless the party opposing the motion timely makes such a showing and request, that party forfeits appellate review of the issue.

In *Roman*, for example, at the time the trial court granted the defendants' motion for summary judgment, the court had under submission the plaintiffs' motion to compel further discovery responses from the defendants.  (*Roman, supra,* 237 Cal.App.4th at pp. 1055-1056.)  Like the issue Plaintiff presents here, the *Roman* court described the issue before it as follows:  "Because their motion to compel further discovery was still pending, the [plaintiffs] contend the trial court should have denied [the defendants'] motion for summary judgment under section 437c, subdivision (h), to allow

---

[12]    Section 437c, subdivision (h) provides in full:  "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

14

more time for discovery."[13] (*Id.* at p. 1056.) The appellate court disagreed, ruling that the plaintiffs' failure to have requested additional time resulted in a forfeiture of the argument on appeal:

> "Although [section 437c, subdivision (h)] authorizes the trial court to either continue the hearing on the summary judgment motion or deny the motion to permit the opposing party to obtain necessary discovery, *it was the [plaintiffs'] responsibility to request such an order and to demonstrate, either in their opposition papers or in a separate application filed no later than their opposition papers, that the missing discovery was required.* . . . [The plaintiffs] did neither and, instead, argued the evidence before the court was sufficient to defeat summary judgment. Accordingly, they have forfeited this argument on appeal."

(*Roman*, at p. 1056, italics added; accord, *Lewinter v. Genmar Industries, Inc.* (1994) 26 Cal.App.4th 1214, 1224 [by failing to seek relief under § 437c, subd. (h), the appellants "waived any objection to the trial court having ruled on the summary judgment motion before it decided their motion to compel"]; see generally *Delfino v. Agilent Technologies, Inc.* (2006) 145 Cal.App.4th 790, 818, fn. 36 [legal theory raised for first time on appeal following grant of summary judgment motion not considered].)

Here, too, Plaintiff failed to request additional time to obtain the outstanding discovery responses (and file a motion, if necessary) in her opposition to Defendants' summary judgment motion. Thus, Plaintiff forfeited appellate review of this issue.

---

[13]   By contrast, in the present appeal, because Plaintiff had not yet filed a discovery motion, her argument is one step further removed. She contends that, because discovery responses were merely anticipated, the court should have denied Defendants' motion for summary judgment.

Even if we were to reach the merits of Plaintiff's argument, the result would be no different.

Section 437c, subdivision (b)(2) requires that an opposition to a motion for summary judgment "be served and filed not less than 14 days preceding the noticed or continued date of hearing[.]" Based on the date of the continued hearing on Defendants' motion (Sept. 13), therefore, Plaintiff's opposition was due no later than August 30. According to Plaintiff's presentation in support of her ex parte application to continue the hearing on the motion, August 30 was four days *after* Defendants' responses to the second wave of discovery, including the RFA #2, were due. However, rather than waiting for the discovery responses (or Defendants' default in providing them), Plaintiff filed her opposition to Defendants' summary judgment motion on August 16—which was *10 days before* Plaintiff expected the discovery responses, and *14 days before* her summary judgment opposition was due. Significantly, nowhere in her memorandum of points and authorities in opposition to Defendants' motion or in her response to Defendants' separate statement of undisputed material facts did Plaintiff mention existing discovery requests, outstanding discovery responses, potential discovery motions, or possible need for a further continuance of the summary judgment hearing to obtain the outstanding discovery responses. Very simply, by having filed her opposition to the summary judgment motion *10 days before* the discovery responses were due, Plaintiff cannot establish that she was prejudiced by Pfingst's failure to respond to the RFA #2 *10 days later*.[14]  (§ 475.)

_____

[14]    With regard to potential prejudice, Plaintiff tells us:  "The matters specified in Plaintiff's [RFA #2] were designed to eliminate the need for proof at trial which is the purpose of requests for admission.  The [RFA #2]

In any event, Plaintiff's legal argument, had it not been forfeited, does not persuade us otherwise. Plaintiff relies on a number of cases for the proposition that a court should not grant summary judgment unless the party opposing the motion has been given " 'adequate time for discovery.' " (Citing numerous inapplicable *federal* authorities; we will assume without deciding that state law authorities are similar.) In the present case, however, Plaintiff had more than adequate time to conduct discovery prior to the filing of Defendants' motion for summary judgment: Plaintiff filed her complaint *in March 2018*; and Defendants filed their summary judgment motion more than 14 months later *in May 2019*. The fact that Plaintiff voluntarily chose to wait until *late June 2019* to initiate discovery—i.e., more than a month after receipt of Defendants' motion—does not convince us that additional time was needed to complete discovery. The 14 months that preceded the filing of Defendants' motion was "adequate time" for Plaintiff to have completed whatever discovery she now contends she needed to oppose Defendants' motion—a motion that was directed only to Plaintiff's lack of evidence to support the elements of the causes of action alleged.

---

specifically concerned the only remaining issues of Plaintiff's malpractice case. [Record reference.] The effect of these request[s] being deemed admitted was to remove all issues raised by the summary judgment motion." Plaintiff emphasized this issue at oral argument.

Without more, however, Plaintiff forfeited appellate review of her prejudice argument. (*Mireskandari v. Gallagher* (2020) 59 Cal.App.5th 346, 371 (*Mireskandari*) [appellate review forfeited where appellant fails to "provide any legal argument or citation to authority"]; see rule 8.204(a)(1)(B) [each point must be supported "by argument and, if possible, by citation of authority"].) Even if we were to consider the argument, the result would be no different, because, in order to establish prejudice, at a minimum, Plaintiff was required to identify *which* of the 64 requests for admission in RFA #2 she was relying on to negate *which* element(s) of *which* cause(s) of action.

B.   *The Trial Court Did Not Deem Admitted the Requests in the RFA #2*

Plaintiff argues that the trial court erred in failing to deem the requests in the RFA #2 admitted. According to Plaintiff, because Pfingst failed to timely serve his responses to RFA #2, "the court erred by failing to hear Plaintiff's motion to deem the requests admitted."[15]

Plaintiff's argument necessarily fails, however, since at the time the court granted Defendants' summary judgment motion, Plaintiff had not filed a discovery motion to deem admitted the requests in the RFA #2. As Plaintiff explained (in support of her ex parte application for an order shortening time to hear the discovery motion), in September 2019, after the clerk of the court gave her a January 2020 hearing date for her discovery motion, she instead sought an order shortening time to have the motion heard. Very simply, Plaintiff never filed her motion, Defendants never had the opportunity to oppose her motion, and the court never had the responsibility to rule on her motion.

In fact, since Plaintiff had been given a hearing date for her motion, her displeasure is with the date she was given by the clerk, and her actual complaint is that the court did not grant her September 2019 ex parte application for an order shortening time to hear her motion to deem the requests admitted. However, that is not what Plaintiff is arguing on appeal;[16] rather, as she emphasized at oral argument, she contends that the

_____

15   Section 2033.280, subdivision (b) provides in part that, if a party fails to serve a timely response to requests for admission, then "[t]he requesting party may move for an order that . . . the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction[.]"

16   Nor could she make such an argument. A fair reading of the reporter's transcript of the hearing on Plaintiff's ex parte application indicates that,

18

court was *required* to hear her discovery motion and deem the RFA #2 admitted prior to hearing Defendants' summary judgment motion. Plaintiff presents no authority for her position, and we are aware of none. To the contrary, absent circumstances not presented here, the trial court has the discretion to control the courtroom and its calendar. (*Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246 [set trial date and reopen discovery].)

In any event, even if we were to consider the trial court's exercise of discretion in failing to shorten time as Plaintiff had requested, there was no abuse, since the *only* reason Plaintiff needed an order shortening time was that *she* had waited more than 16 months to serve the RFA #2 that were the subject of her motion. Plaintiff's significant delay in initiating discovery does not require the trial court to accommodate Plaintiff's scheduling of court hearings on shortened notice.

Moreover—and conclusively—even if we were to assume both that Plaintiff had filed a motion to deem the requests in the RFA #2 admitted and that the trial court erred in failing to rule on the RFA #2 motion before hearing Defendants' summary judgment motion, Plaintiff has not established, and cannot establish, the requisite showing of prejudice. That is because Plaintiff cannot show that, if the court had ruled on the RFA #2 motion, " ' "it is reasonably probable that a result more favorable to [Plaintiff] would have been reached." ' " (*Pool, supra*, 42 Cal.3d at p. 1069.) Plaintiff assumes, without legal authority, that if the court had ruled on her motion,

_____

when asked by the court, Plaintiff *agreed* to the court's proposal, which eventually became the court's ruling (that Pfingst must supply the discovery responses within 10 days and, if necessary, Plaintiff could return ex parte to schedule a hearing on her motion). (See fn. 6, *ante*.)

19

then the court would have granted her motion.[17]  Her argument fails to consider, let alone analyze, any potential defense Pfingst could have presented to her motion—as we explain next.

Even if we were to further assume that Plaintiff could make the initial statutory showing to have the requests in the RFA #2 deemed admitted, relief under section 2033.280 is not mandatory just because requests for admission were properly served and responses were not.  Under subdivision (c), the trial court would have been *required* to deny the motion (despite Plaintiff's showing of proper service of the RFA #2), in the event Pfingst had provided Plaintiff with "a proposed response to the requests for admission that is in substantial compliance with Section 2033.220" at any time prior to the hearing on Plaintiff's motion.  (§ 2033.280, subd. (c); see *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 778 ["a responding party's service of a tardy proposed RFA response that is substantially code-compliant will defeat a deemed admitted motion"].)  Given the showing of Defendants' timely responses to Plaintiff's other discovery requests, there is no reason to believe that Pfingst would not have responded to the RFA #2 by the *statutorily* extended deadline; but we need not speculate, because Plaintiff never filed a motion to deem the RFA #2 admitted.

For the foregoing reasons, Plaintiff has not established that the trial court erred in not granting her (unfiled) motion to deem admitted the requests in the RFA #2.

---

[17]  Even if we assume that the trial court would have granted a motion to deem the RFA #2 admitted, Plaintiff still has not shown how such an order might have affected her opposition to, and the court's ruling on, Defendants' motion for summary judgment.  As we noted at footnote 14, *ante*, at no time has Plaintiff shown, or even attempted to explain, how Pfingst's responses to the RFA #2 might have provided a defense to the summary judgment motion.

Although we could end our discussion of this issue at this point, we are aware of and fully appreciate that, as a self-represented litigant, Plaintiff perceived that she was treated unfairly when the trial court failed to grant her (unfiled) motion. We take seriously such claims of unfair treatment regardless of the context, even those (like here) where the complainant fails to provide *any example* of the trial court's or counsel's improper consideration of financial status. Accordingly, we have independently reviewed the record on appeal, as augmented and corrected, and have found no indication of any such impropriety. While we do not know why the trial court asked defense counsel which law firm she was associated with—an inquiry that was arguably irrelevant to the issue in dispute—the court was not comparing or contrasting *counsel* with *Plaintiff*. At most the court was comparing or contrasting *counsel's firm* with *other law firms*. Indeed, at the hearing, the court expressly explained to Plaintiff that it believed her: "I have no reason to believe that you didn't send the[ RFA #2]."[18]

C.      *The Trial Court Granted Defendants' Motion for Summary Judgment*

Plaintiff argues that summary judgment can be granted only when there is no triable issue of material fact. While that statement, and many others in part III. of her opening brief, accurately state the statutory and common law standards, rules, and procedures to be applied in summary judgment proceedings, Plaintiff's *entire* substantive argument provides *in full*: "Plaintiff contends that Defendants failed to meet their burden of

---

[18]      Even if the court had affirmatively believed Plaintiff and disbelieved counsel, Plaintiff still would not have been entitled to have her (unfiled) motion—to which Defendants were entitled to file opposition—heard at the time of the ex parte hearing. The court gave Plaintiff the authorization to return ex parte for a hearing date on the motion in 10 days if she believed she still was entitled to relief.

showing that no triable issues of material fact existed and they are entitled to judgment as a matter of law." By this limited presentation, Plaintiff forfeited appellate review of the ruling granting summary judgment.

"Although we examine the trial court's decision [granting summary judgment] independently [(*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*))], the scope of our review is limited to those issues that have been adequately raised and supported in the appellant's brief." (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) In this regard, Plaintiff's burden on appeal here " 'includes the obligation to present *argument and legal authority* on *each point* raised. This requires more than simply stating a bare assertion that the judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment[.]' " (*Ibid.*; see rule 8.204(a)(1)(B) [each point in a brief must be supported "by argument and, if possible, by citation of authority"].) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 (*Niko*).)

"Where [as here] an appellant fails to present argument or legal authority, he or she forfeits appellate consideration of the issue." (*Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 464; accord, *Mireskandari, supra,* 59 Cal.App.5th at p. 371 [appellate review forfeited where appellant fails to "provide any legal argument or citation to authority"]; *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].) In *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, for example, the trial court granted the defendants' motion for summary judgment, and—just as Plaintiff in the

present case—on appeal the plaintiff "cite[d] only general legal principles without relating them to any specific facts or admissible evidence." (*Id.* at p. 1115.) Deeming the plaintiff/appellant's brief " ' " 'a mere challenge to respondents to prove that the [trial] court was right,' " ' " the appellate court ruled that the plaintiff/appellant had forfeited appellate review of the issue. (*Id.* at pp. 1115-1116.) " 'This court is not inclined to act as counsel for . . . any appellant and furnish a legal argument as to how the trial court's rulings [may be erroneous].' " (*Niko, supra*, 144 Cal.App.4th at p. 368.) In applying the same standard here, we reach the same conclusion—namely, that Plaintiff forfeited appellate review of the issue.

Even if we were to consider the merits of Plaintiff's argument, the result would be no different.

A defendant (like Defendants here) is entitled to a summary judgment on the basis that the "action has no merit" (§ 437c, subd. (a)(1)) only where the court is able to determine from the evidence presented that "there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (§ 437c, subd. (c)). A cause of action "has no merit" if one or more of the elements of the cause of action cannot be established or an affirmative defense to the cause of action can be established as a matter of law. (§ 437c, subd. (o).) Thus, the moving defendant has the ultimate burden of *persuasion*[19] that one or more elements of the cause of action at issue "cannot be established" or that "there is a complete defense to that cause of action." (§ 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at

_____

19      The burden of persuasion, sometimes referred to as the burden of proof, means the obligation of a party "to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 115.)

pp. 849, 850, 853-854.) In attempting to achieve this goal, the defendant has the initial burden of *production*[20] to make a prima facie showing of the nonexistence of any triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, at p. 850.) If the defendant meets this burden, then the burden of *production* shifts to the plaintiff to establish the existence of a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, at pp. 850-851.)

Given this standard, our de novo review would result in the same analysis and conclusion as the trial court's. Defendants met their initial burden of establishing, through the submission of expert testimony, that Plaintiff cannot establish at least one of the elements in each of the two causes of action—i.e., breach of duty. More specifically, the experts' testimony—to which there were no evidentiary objections—included their qualifications and established that each of Defendants met the standard of care in the Federal Court Action.[21] Where, in summary judgment proceedings, " 'the moving party produces a competent expert declaration showing there is no triable issue of fact on an essential element of the opposing party's claims, the opposing party's burden is to produce a competent expert declaration to the contrary.' " (*Fernandez v. Alexander*

---

[20] The burden of production means "the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue." (Evid. Code, § 110.)

[21] The trial court also ruled that Defendants met their initial summary judgment burden by establishing that Plaintiff could not prove causation or damages—both elements of both of the causes of action at issue. Because we decide that Defendants met their initial burden based on the evidence and argument related to breach of duty, we have not considered (and thus express no opinion on) Defendants' showing or argument related to causation or damages.

24

(2019) 31 Cal.App.5th 770, 779.)  Because Plaintiff did not produce any expert evidence to the contrary, she necessarily failed to meet her responsive burden.  (*Ibid.*; *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761-762.)

## III.  DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.  (Rule 8.278(a)(2).)

IRION, J.

WE CONCUR:

HALLER, Acting P. J.

DATO, J.